Filed 6/20/25  P. v. Mayfield CA4/3

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G064532 |
| v. | (Super. Ct. No. 18CF2946) |
| MILTON LOUIS MAYFIELD, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a postjudgment order of the Superior Court of Orange County, Kimberly Menninger, Judge. Affirmed.

Gerald J. Miller, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance by Plaintiff and Respondent.

Milton Louis Mayfield appeals the summary denial of his petition for resentencing under Penal Code section 1172.6.[1] His appointed attorney filed a brief under the procedures described in *People v. Delgadillo* (2022) 14 Cal.5th 216, declaring he was unable to find any issues to raise on Mayfield's behalf. Having reviewed the record ourselves, we also detect no arguable issues. We therefore affirm the trial court's denial order.

FACTUAL AND PROCEDURAL BACKGROUND

In 2018, Mayfield was individually charged with one count of murder in violation of section 187, subdivision (a). He initially pleaded not guilty to the charge. However, following the preliminary hearing, which included evidence Mayfield strangled his girlfriend to death in a Santa Ana motel room, he pleaded guilty to second degree murder on February 10, 2023. The trial court then sentenced him to prison for 15 years to life.

On June 12, 2024, Mayfield filed a petition under section 1172.6, which allows convicted murderers to seek resentencing based on changes in the law that were ushered in by Senate Bill No. 1437 (2017–2018 Reg. Sess.) in 2019. (*People v. Lewis* (2021) 11 Cal.5th 952, 957.) Following a contested hearing at which Mayfield was represented by counsel, the trial court denied his petition on two grounds. First, Mayfield pleaded guilty after Senate Bill No. 1437 became effective. Second, Mayfield was convicted of murder as the actual perpetrator, not on any theory of imputed malice.

On appeal, appointed counsel filed a brief raising no issues but requesting we independently review the record pursuant to *People v. Delgadillo, supra,* 14 Cal.5th 216. We informed Mayfield of his right to file a supplemental brief, but he did not do so. In the interest of justice, we have

---

[1] All further statutory references are to the Penal Code.

examined the entire record for any arguable issues. (See *id.* at p. 230.) Our review confirms appointed counsel's conclusion there is no basis to disturb the trial court's denial order.

## DISCUSSION

Effective January 1, 2019, Senate Bill No. 1437 (2017–2018 Reg. Sess.) narrowed the scope of vicarious liability for the crime of murder in California. (Stats. 2018, ch. 1015, §§ 2–4.) That bill also led to the enactment of section 1172.6, which is the procedural mechanism for challenging a murder conviction that was based on vicarious liability. (Stats. 2022, ch. 58, § 10.) To be eligible for relief under that section, the defendant must prove, inter alia, he could not be convicted of murder today "because of changes" made by Senate Bill No. 1437. (§ 1172.6, subd. (a)(3).) The quoted phrase shows the defendant must have been facing broader liability at the time of his conviction than he would have been if he had been tried following the passage of Senate Bill No. 1437. That circumstance does not exist in this case because Senate Bill No. 1437 was already in effect when Mayfield pleaded guilty. Therefore, he is "categorically ineligible for relief under section 1172.6." (*People v. Hickman* (2025) 110 Cal.App.5th 1262, 1265; accord, *People v. Gallegos* (2024) 105 Cal.App.5th 434; *People v. Lezama* (2024) 101 Cal.App.5th 583; *People v. Reyes* (2023) 97 Cal.App.5th 292.)

Even if that were not the case, resentencing under section 1172.6 is limited to cases where the defendant was convicted on a theory of imputed malice. (§ 1172.6, subd. (a).) Here, the undisputed record shows Mayfield was the actual and sole perpetrator of his girlfriend's murder. That circumstance also renders Mayfield legally ineligible for resentencing. (*People v. Patton* (2025) 17 Cal.5th 549; *People v. Curiel* (2023) 15 Cal.5th 433.) Accordingly, there is no basis to disturb the trial court's denial order.

## DISPOSITION

The postjudgment order denying Mayfield's petition for resentencing is affirmed.


GOODING, J.

WE CONCUR:


SANCHEZ, ACTING P. J.


SCOTT, J.

4